IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MADISON RIVER MANAGEMENT )
COMPANY, )
                            )
        Plaintiff, )
                            )
    v.                      )       1:03CV00379
                            )
BUSINESS MANAGEMENT )
SOFTWARE CORPORATION, )
                            )
        Defendant. )

## SANCTIONS AWARD

On November 3, 2004, this Court awarded sanctions to Plaintiff in connection with Plaintiff's August 10, 2004 motion to compel. The November 3 order taxed Defendant with 80 percent of the costs incurred by Plaintiff in bringing the motion to compel, and the Court directed Plaintiff to file an affidavit setting forth such costs. Plaintiff has filed affidavits in support of the sanction award (Pleading Nos. 64 and 65), Defendant has responded (Pleading Nos. 94 and 95), and this matter is ready for a ruling.

Plaintiff requests amounts representing fees incurred by its Illinois counsel and by its local counsel in connection with the motion to compel. The amount sought by the two Illinois attorneys, Malcolm H. Brooks and Laura A. Derouin, is $7,550.80 (80% of $9,438.50 ). The amount sought by local counsel, Grady L. Shields, is $1,976.40 (80% of $2,470.50).

The Court must determine whether the amount sought is reasonable. The moving party bears the burden of demonstrating that its expenses are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate. *Id*. at 433. In determining the reasonableness of the rate and the number of hours, the Supreme Court and the Fourth Circuit have endorsed the use of the following factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputations and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Daly v. Hill*, 790 F.2d 1071, 1075 n.2, 1085 (4th Cir. 1986). The Court may rely on its own experience to estimate the time reasonably required for the work claimed. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174-75 (4th Cir. 1994).

Defendant does not dispute the reasonableness of the hourly rate charged by the participating attorneys, but maintains that the amount of time spent drafting the motion to compel – in excess of 24 hours by two experienced attorneys – was unreasonable.

On review, the Court finds that the number of hours claimed in connection with the motion to compel is unreasonable to a degree. The matters at issue were not complex. The Court will reduce the hours claimed by attorney Derouin from 21.5 to 8 for preparing the motion to compel and supporting memorandum. This amount of time more accurately reflects the reasonable amount of time spent on a motion of the length and complexity involved. At $260 an hour, this results in a fee of $2,080 for Ms. Derouin, eighty percent of which is $1,664.00. The Court finds all other claimed expenses and fees sought by Plaintiff reasonable. The total amount of fees recoverable is $6,719.20.

## Conclusion

For the reasons stated above, **IT IS ORDERED** that Plaintiff's application for attorney's fees and expenses (Pleading Nos. 64 and 65) is **GRANTED** and Defendant BMS must pay Plaintiff's attorneys the following amounts: $1,976.40 to local counsel Grady L. Shields and $4,742.80 to Chicago, Illinois counsel Malcolm H. Brooks and Laura A. Derouin.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: September 26, 2006